THE DETROIT NEWS, INC v CITY OF DETROIT

Docket No. 141186. Submitted January 12, 1994, at Detroit. Decided
    May 2, 1994, at 9:25 A.M.

The Detroit News, Inc., brought an action in the Wayne Circuit
    Court against the City of Detroit, seeking under the Freedom of
    Information Act, MCL 15.231 et seq.; MSA 4.1801(1) et seq., the
    production of copies of bills paid by the city for telephone
    service to the mayor's office and residence. The court, Marvin
    R. Stempien, J., denied the plaintiff's motion for production of
    the bills, ruling that the telephone bills were not public records
    for purposes of the FOIA. The plaintiff appealed.

The Court of Appeals held:

MCL 15.232(c); MSA 4.1801(2)(c) defines "public record" as "a
    writing prepared, owned, used, in the possession of, or retained
    by a public body in the performance of an official function,
    from the time it is created." The telephone bills at issue in this
    case are public records because they are expense records of a
    public official and were used and retained by the city in the
    performance of an official function, i.e., the payment and docu-
    mentation of expenses incurred by a public official. The fact
    that the bills were prepared by the telephone company is
    immaterial because the FOIA does not require that a writing be
    prepared by a public body in order for it to be a public record.
    A writing can become a public record after its creation by a
    nonpublic body.

Reversed and remanded.

RECORDS — FREEDOM OF INFORMATION ACT — TELEPHONE BILLS.

Bills paid by a public body for telephone service to the office or
    official residence of a public official are public records subject to
    disclosure pursuant to the Freedom of Information Act (MCL
    15.232[c]; MSA 4.1801[2][c]).

REFERENCES

Am Jur 2d, Public Officers and Employees §§ 425, 427.

What constitutes personal matters exempt from disclosure by inva-
sion of privacy exemption under state freedom of information act.
26 ALR4th 666.

What are "records" of agency which must be made available under
state freedom of information act. 27 ALR4th 680.

*Butzel Long* (by *James E. Stewart* and *Leonard M. Niehoff*), for the plaintiff.

*Donald Pailen,* Corporation Counsel, *Harnetha Jarrett,* Supervising Assistant Corporation Counsel, and *William M. Wolfson,* Assistant Corporation Counsel, for the defendant.

Before: WHITE, P.J., and BRENNAN and G. B. FORD,* JJ.

WHITE, P.J. Plaintiff, The Detroit News, Inc., appeals as of right the denial of its motion for production of documents and the dismissal of its claim under the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.* We reverse and remand for further proceedings.

On November 29, 1989, the News filed an FOIA request seeking "records of all telephone calls to and from the office of Mayor Coleman A. Young and to and from Manoogian Mansion," from January 1983 to the date of the request. The city acknowledged receipt of the request, but denied it on January 31, 1990, claiming that no record of telephone calls was kept at either location, and that such records would in any event be exempt from disclosure under the FOIA, citing MCL 15.243(1)(a); MSA 4.1801(13)(1)(a):

> (1) A public body may exempt from disclosure as a public record under this act:
> (a) Information of a personal nature where the public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy.

In response, the News filed this action.
At a February 16, 1990, show-cause hearing, the

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

News indicated that it was seeking information contained in telephone bills, not telephone logs. The trial court directed the city to conduct a search for telephone bills.

Upon resumption of the hearing on March 8, 1990, the city acknowledged that it had located the requested telephone bills, but asked for additional time to gather the records. The trial court took the issue of privilege under advisement, stating that it would rule after viewing the records in camera. On April 3, 1990, after the parties had filed supplemental briefs, the trial court conducted a hearing, and again took the matter under advisement. The city's position was that the telephone bills were not public records and, alternatively, that they were exempt under the statute's privacy provision.

On May 6, 1991, the circuit court entered an opinion and order denying the motion for production of records. It ruled that the telephone bills are not public records under MCL 15.232; MSA 4.1801(2) because, notwithstanding the city's payment for telephone service, the contents were neither created by the city nor gathered at the city's request, and the records were not used in the conduct of the city's official business. The court did not rule on the privacy issue, and the parties agree that issue is not before us.

On appeal, the News argues that the telephone records it requested are indeed public records under the FOIA, which provides:

"Public record" means a writing prepared, owned, used, in the possession of, or retained by a public body in the performance of an official function, from the time it is created. [MCL 15.232(c); MSA 4.1801(2)(c).]

The News contends that the city is a public body

that possesses and retains the requested records, and submits that "this is the beginning and end of this case"; whether the city created or used the records is immaterial.

The city contends that the mere fact that a public body possesses a record does not make it a public record. It argues that the telephone bills are not public records because they were not created by the city, gathered at its request, or used by it, and that the bills are unrelated to "the performance of an official function." The city asserts that it does not audit or in any way use the information in the bills; it simply pays the total amount. It also argues that it does not create or control the records; the form, presentation, and information provided in the bills are controlled entirely by Michigan Bell Telephone Co.[1]

Under the FOIA, a public record includes any writing that is owned, used, retained, or possessed by a public body in the performance of an official function, from the time the writing is created. MCL 15.232(c); MSA 4.1801(2)(c). While the term "public record" does not include records neither created nor obtained by a public body, *Hoffman v Bay City School Dist,* 137 Mich App 333, 339; 357 NW2d 686 (1984); see also OAG, 1979-1980, No 5500, p 255 (July 23, 1979),[2] it does include expense records of public officials and employees. See

[1] The city additionally argues that the telephone lines are not segregated, leaving no way to tell from the bill whether a given call was placed by the mayor or a member of his executive or clerical staff. It contends, therefore, that the requested records would not in any event assist the News in achieving its goal of "offer[ing] an illuminating portrayal of how the Mayor spends his day and with whom he speaks." However, as the city apparently recognizes, the problems raised by records providing both too much and too little information are distinct from the problem of determining whether they are public records.

[2] That Attorney General opinion states:

The definition of "public record" in section 2(c) applies only

*Booth v Univ of Michigan Bd of Regents,* 444 Mich 211, 231-232; 507 NW2d 422 (1993).[3] The instant case is unlike *Hoffman* in that the records here were, in fact, obtained, used, and retained by the public body.

The telephone bills requested by the News are expense records of public officials and employees. That they are prepared by a private entity dictating their form and content is of no moment. See OAG, 1979-1980, No 5500, p 266 ("a [public body] must release a report of the performance of its official functions in its files, *regardless of who prepared it*" [emphasis added]). The statute does not require that the record be created by the public body, or even created at its behest. Rather, it is ownership, use, possession, or retention in the performance of an official function that is determinative.

This is not to say that mere possession of a record by a public body is sufficient to make it a

to writings in the possession of or retained by a public body in the performance of an official function. Therefore, although a [public body] must release a report of the performance of its official functions in its files, regardless of who prepared it, if a report prepared by an outside private agency is retained only by the private agency, it is not [a] public record and therefore is not subject to public disclosure [OAG, 1979-1980, No 5500, p 266, citing *Soucie v David,* 145 US App DC 144; 448 F2d 1067 (1971), and *CIBA-Geigy v Matthews* 428 F Supp 523 (SD NY, 1977)].

[3] The FOIA holding in *Booth* took for granted that the travel expense records in issue were public records. See also *Banos v Dickinson Co Sheriff's Dep't,* unpublished opinion per curiam of the Court of Appeals, decided October 27, 1987 (Docket No. 97393), cited to the trial court by the News, in which a panel of this Court, addressing the sheriff's department's position that the requested telephone bills were exempt, took for granted that the bills were public records:

Defendant, as requested, was obligated by the [FOIA] to segregate and delete from the telephone bills only those phone numbers which it found to be exempt under the act. Defendant was not entitled to rely on those confidential numbers to issue a blanket denial to plaintiff's request.

public record. Here, however, the city used and retained the bills in the performance of an official function. The city paid the bills and retained them, presumably for documentation. Payment and documentation of expenses incurred by public officials and employees is conduct in the performance of an official function. That the city chose not to examine the itemized statements does not mean that those portions of the bills are not public records. The bills as a whole formed the basis of an official function—the use of public funds to pay telephone expenses. A public body, by ignoring portions of a record made a part of its file and acted on by it, does not render those portions something other than a public record.

We also reject the city's argument that writings that are not created by a public body are not public records. The city relies on the statutory clause "from the time it is created" found in the definition of public record. We do not construe this clause as requiring that a writing be "owned, used, in the possession of, or retained by a public body in the performance of an official function" from the time the writing is created in order to be a public record.[4] A writing can become a public record after its creation. We understand the phrase "from the time it is created" to mean that the ownership, use, possession, or retention by the public body can be at any point from creation of the record onward. See OAG, 1979-1980, No. 5500, pp 263-264.

The trial court erred in concluding that the telephone bills were not public records. We remand for further proceedings, expressing no opinion with respect to the city's other arguments

---

[4] A writing that is "prepared . . . by a public body in the performance of an official function" is, of course, a public record "from the time it is created."

regarding its obligation to produce all or part of the telephone bills. These arguments should be addressed, in the first instance, by the circuit court.

Reversed and remanded for further proceedings. We do not retain jurisdiction.