# Syllabus

Chief Justice:
Robert P. Young, Jr.

Justices:
Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Corbin R. Davis

AMBERG v CITY OF DEARBORN

Docket No. 149242. Decided December 16, 2014.

James Amberg brought an action in the Wayne Circuit Court against the city of Dearborn and the Dearborn Police Department, seeking copies of video surveillance recordings created by private entities, Tim Hortons, Inc., and The Wendy's Company, under the Freedom of Information Act (FOIA), MCL 15.231 *et seq*. Plaintiff, an attorney, sought the recordings in relation to pending misdemeanor criminal proceedings against a client. Defendants initially refused to turn over the recordings, asserting that they were not subject to FOIA because the recordings were not public records. After plaintiff brought suit, defendants produced the recordings and moved for summary disposition. The court, Daniel P. Ryan, J., granted summary disposition in favor of defendants. Plaintiff appealed. The Court of Appeals, STEPHENS and RIORDAN, JJ. (BECKERING, P.J., concurring), affirmed in an unpublished opinion per curiam, issued March 25, 2014 (Docket No. 311722). Plaintiff sought leave to appeal.

In a memorandum opinion signed by Chief Justice YOUNG and Justices CAVANAGH, MARKMAN, KELLY, ZAHRA, MCCORMACK, and VIVIANO, the Supreme Court, in lieu of granting leave to appeal and without hearing oral argument, *held*:

Except under certain specifically delineated exceptions, a person who provides a public body's FOIA coordinator with a written request that describes a public record sufficiently to enable the public body to find the public record is entitled to inspect, copy, or receive copies of the requested public record. A public record is a writing prepared, owned, used, in the possession of, or retained by a public body in the performance of an official function from the time it is created. The word "writing" is defined in FOIA as any means of recording, including pictures, sounds, or combinations thereof. In this case, the parties did not dispute that the recordings were writings within the meaning of FOIA and that the recordings were retained by or in the possession of defendants, who are public bodies. Rather, the parties disputed whether the recordings were possessed or retained by defendants in the performance of an official function from the time they were created. The phrase "from the time it is created" in the definition of a public record under FOIA was included to make clear that FOIA applied to records created before FOIA took effect. And the fact that the documents were created by private entities does not insulate them from FOIA. Defendants collected the recordings as evidence to support their decision to issue a citation. Accordingly, the recordings were public records because they were in the possession of or retained by defendants in the performance of an official function, and the circuit court erred by granting defendants' motion for summary disposition. The fact that

plaintiff's substantive claim was rendered moot by disclosure of the records after plaintiff commenced the circuit court action was not determinative of plaintiff's entitlement to fees and costs under MCL 15.240(6). Contrary to the conclusion of the Court of Appeals, plaintiff did not abandon his claim for fees and costs. On remand, plaintiff's action can proceed in the circuit court for consideration, on a proper motion, of whether he is entitled to costs and fees under MCL 15.240(6).

Reversed and remanded for entry of an order denying defendants' motion for summary disposition and for further proceedings. Leave to appeal denied in all other respects.

©2014 State of Michigan

# Opinion

Chief Justice:    Justices:
Robert P. Young, Jr.    Michael F. Cavanagh
   Stephen J. Markman
   Mary Beth Kelly
   Brian K. Zahra
   Bridget M. McCormack
   David F. Viviano

FILED DECEMBER 16, 2014

STATE OF MICHIGAN

SUPREME COURT

JAMES AMBERG,

     Plaintiff-Appellant,

v            No. 149242

CITY OF DEARBORN and CITY OF
DEARBORN POLICE DEPARTMENT,

     Defendants-Appellees.

BEFORE THE ENTIRE BENCH

MEMORANDUM OPINION

We consider in this case whether copies of video surveillance recordings created by third parties but received by defendants during the course of pending criminal misdemeanor proceedings constitute "public records" within the meaning of the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, thus requiring their disclosure by defendants. For the reasons stated in this opinion, we conclude that, contrary to the lower courts' opinions, the video surveillance recordings are public records within the meaning of FOIA. Accordingly, and in lieu of granting leave to appeal, we reverse the judgment

of the Court of Appeals and remand this case to the Wayne Circuit Court for further proceedings consistent with this opinion.

The purpose of FOIA is to provide to the people of Michigan "full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and public employees," thereby allowing them to "fully participate in the democratic process." MCL 15.231(2). As a result, except under certain specifically delineated exceptions, see MCL 15.243, a person who "provid[es] a public body's FOIA coordinator with a written request that describes a public record sufficiently to enable the public body to find the public record" is entitled "to inspect, copy, or receive copies of the requested public record of the public body." MCL 15.233(1). See also *Coblentz v City of Novi*, 475 Mich 558, 573; 719 NW2d 73 (2006) ("A FOIA request must be fulfilled unless MCL 15.243 lists an applicable specific exemption."). The FOIA further defines "public record" as "a writing prepared, owned, used, in the possession of, or retained by a public body in the performance of an official function, from the time it is created. . . ." MCL 15.232(e). "Writing," in turn, is defined broadly to include any "means of recording," including "pictures" and "sounds . . . or combinations thereof . . . ." MCL 15.232(h).

In this case, plaintiff initiated a FOIA request, and ultimately this FOIA lawsuit, to receive materials related to pending criminal proceedings that were in defendants' possession, including video surveillance recordings created by private businesses. Defendants assert that the surveillance recordings are not public records within the meaning of FOIA and, as a result, did not need to be disclosed to plaintiff under MCL 15.233(1). The Wayne Circuit Court agreed with defendants and granted summary

2

disposition in their favor. Plaintiff appealed by right, and the Court of Appeals affirmed in a split decision. *Amberg v Dearborn*, unpublished opinion per curiam of the Court of Appeals, issued March 25, 2014 (Docket No. 311722).

The parties do not dispute that video recordings are "writings" within the meaning of FOIA. Nor do they dispute that these particular video surveillance recordings are "in the possession of" and "retained by" defendants, both of which are public bodies. What is in dispute is whether the recordings were in the possession of or retained by defendants "in the performance of an official function, from the time [they were] created." MCL 15.232(e).[1] This requirement makes clear that the mere possession of the recordings by defendants is not sufficient to make them public records. *Detroit News, Inc v Detroit*, 204 Mich App 720, 724-725; 516 NW2d 151 (1994). However, because FOIA "does not require that the record[s] be created by the public body," that the recordings were created by private entities does not necessarily insulate the records from FOIA. *Id.* at 724.

In short, what ultimately determines whether records in the possession of a public body are public records within the meaning of FOIA is whether the public body prepared, owned, used, possessed, or retained them in the performance of an official function. On

---

[1] The language "from the time it is created" in the definition of the term "public record" was initially included in MCL 15.232(e) to make clear that FOIA applied to records "irrespective of the date the document[s] [were] prepared," i.e., to records created before FOIA took effect. OAG, 1979-1980, No. 5500, pp 255, 263-264 (July 23, 1979). See also *Detroit News, Inc v Detroit*, 204 Mich App 720, 725; 516 NW2d 151 (1994) ("A writing can become a public record after its creation. We understand the phrase 'from the time it is created' to mean that the ownership, use, possession, or retention by the public body can be at any point from creation of the record onward.").

this question, we agree with the dissenting Court of Appeals judge that the recordings at issue in this case were public records because they were in the possession of or retained by defendants "in the performance of an official function, from the time [they were] created." MCL 15.232(e). The undisputed facts show that defendants received copies of the recordings as relevant evidence in a pending misdemeanor criminal matter.[2] The Court of Appeals majority claimed that the defendants did not use the recordings in the performance of an official function—specifically, their issuance of a criminal misdemeanor citation—because they did not obtain the recordings until after they issued the citation. While this may be true, the citation nevertheless remained pending when defendants received the recordings, and the issuance of the citation is not the only official function that we must consider. In other words, even if the recordings did not factor into defendants' decision to *issue* a citation, they were nevertheless collected as evidence by defendants *to support that decision*. Indeed, that the relevant police file (which *was* disclosed to plaintiff) referred to the recordings (and to how defendants acquired them) underscores defendants' official purpose in acquiring them. As a result, the recordings are public records within the meaning of FOIA, and defendants were required to produce

---

[2] MCL 15.243(1)(b) provides an exemption to the disclosure requirement for "[i]nvestigating records compiled for law enforcement purposes, but only to the extent that disclosure as a public record would" interfere with law enforcement proceedings, deprive a person of the right to a fair trial, constitute an unwarranted invasion of personal privacy, disclose confidential sources, disclose investigative techniques, or endanger the life or safety of law enforcement personnel. Defendants do not claim that the law-enforcement exemption applies to these recordings.

4

them in response to plaintiff's FOIA request.[3] The circuit court, therefore, erred when it granted defendants' motion for summary disposition.

Defendants also claim that this case has been rendered moot by their eventual release of the recordings to plaintiff. However, "[t]he mere fact that plaintiff's substantive claim under the FOIA was rendered moot by disclosure of the records after plaintiff commenced the circuit court action is not determinative of plaintiff's entitlement to fees and costs under MCL 15.240(6)." *Thomas v New Baltimore*, 254 Mich App 196, 202; 657 NW2d 530 (2002).[4] MCL 15.240(6) allows a plaintiff to recover "reasonable attorneys' fees, costs, and disbursements" in the event "a person asserting the right to . . .

---

[3] The Court of Appeals considered the fact that the Wayne County prosecutor subpoenaed the recordings to be of importance because it believed that the same mechanism would have been available to plaintiff in his role as defense counsel in the underlying misdemeanor proceedings. But see MCR 6.001(D) ("Depositions and other discovery proceedings under subchapter 2.300 may not be taken for the purposes of discovery in cases governed by this chapter."). Nevertheless, whether the recordings were available to plaintiff by another method is irrelevant to whether the recordings are public records: FOIA does not define public records by reference to their potential availability by other methods, only by reference to the public body's use of the records. Consequently, it was improper for the Court of Appeals to rely on this fact in support of its conclusion that the recordings were not public records.

[4] The fact that fees and costs remain available to a plaintiff in spite of the intervening release of public records is consistent with FOIA's stated purpose of ensuring that people have "complete information regarding the affairs of government . . . ." MCL 15.231(2). The Legislature has determined that people who successfully assert their right to access public records that have been withheld by a public body in violation of FOIA should not bear the *additional* burden of shouldering the cost of a lawsuit to obtain that access. To penalize successful litigants simply because that success comes in the form of nonjudicial relief would hinder the ability of people who lack the resources to sustain their successful FOIA actions to receive complete information regarding the affairs of government in the face of a public body's intransigence. *Walloon Lake Water Sys, Inc v Melrose Twp*, 163 Mich App 726, 733-734; 415 NW2d 292 (1987).

receive a copy of all or a portion of a public record prevails" in a FOIA action. To "prevail" in a FOIA action within the meaning of MCL 15.240(6), a court must conclude that "the action was reasonably necessary to compel the disclosure [of public records], and [that] the action had a substantial causative effect on the delivery of the information to the plaintiff." *Scharret v City of Berkley*, 249 Mich App 405, 414; 642 NW2d 685 (2002) (emphasis omitted).

The Court of Appeals unanimously agreed that plaintiff is precluded from recovering under MCL 15.240(6) for allegedly abandoning those claims. Contrary to the Court of Appeals' assertion, however, plaintiff never abandoned his claim for fees and costs under MCL 15.240(6). Indeed, he sought fees and costs in his complaint, in his brief in opposition to defendants' motion for summary disposition, in his brief in the Court of Appeals, and in his application for leave to appeal in this Court. Now that this Court orders defendants' motion for summary disposition to be denied, plaintiff's action can proceed in the Wayne Circuit Court for consideration, on a proper motion, of whether he is entitled to costs and fees under MCL 15.240(6).[5]

We therefore reverse the judgments of the lower courts and remand this case to the Wayne Circuit Court for entry of an order denying defendants' motion for summary

---

[5] Additionally, MCL 15.240(7) provides for punitive damages if "the public body has arbitrarily and capriciously violated [FOIA] by refusal or delay in disclosing or providing copies of a public record." Although plaintiff's complaint sought punitive damages under MCL 15.240(7), plaintiff has abandoned this claim for relief because his brief in opposition to defendants' motion for summary disposition only asserted a claim of attorney fees and costs under MCL 15.240(6) and he did not otherwise develop his argument that he was entitled to punitive damages under MCL 15.240(7) over and above attorney fees and costs under MCL 15.240(6).

disposition and for further proceedings not inconsistent with this opinion, including, on a proper motion, a determination whether plaintiff is entitled to reasonable attorney fees, costs, and disbursements under MCL 15.240(6). In all other respects, leave to appeal is denied, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

Robert P. Young, Jr.
Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano