*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GERALD BRUCE,

        Plaintiff-Appellant,

v

BAY CITY PUBLIC SCHOOL BOARD OF
TRUSTEES,

        Defendant-Appellee,

and

CYNTHIA K. MARCHESE,

        Defendant.

UNPUBLISHED
December 21, 2023

No. 365065
Bay Circuit Court
LC No. 2022-003115-CZ

Before: RIORDAN, P.J., and MURRAY and M. J. KELLY, JJ.

PER CURIAM.

In this case involving a request under the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, plaintiff, Gerald Bruce, appeals by right the trial court's order denying his motion for summary disposition and granting summary disposition in favor of defendant, Bay City Public School Board of Trustees.[1] We affirm.

## I. BACKGROUND

Plaintiff submitted a FOIA request to defendant requesting two different types of information related to a closed-session meeting by defendant:

---

[1] Defendant Marchese was dismissed in the trial court by stipulation of the parties and is not a party to this appeal.

The minutes of the public meeting held on December 13, 2021 indicate there was a closed session "for written attorney-client privilege as permitted under Section 8(h) of the Open Meetings Act . . ." *I am requesting a copy of any written request, by a board member or other authorized person, asking for the opinion that was the subject of this closed session. Please note I am not asking for the written legal opinion. I am asking for the document requesting the legal opinion, if it exists.*

I am also requesting a copy of By-law 0172 that existed prior to being revised on June 14, 2021. [Emphasis added.]

The meeting minutes for December 13, 2021, show that the trustees voted unanimously to go into a "closed session" to discuss matters involving attorney-client privilege. Although defendant extended the deadline for its response by 10 days pursuant to MCL 15.235(2)(d), it indisputably failed to timely respond to the FOIA request within those 10 additional days. Plaintiff thus filed this action seeking the disclosure of both sets of requested information. Within a week, defendant responded to plaintiff's FOIA request. The requested bylaw was provided and is not the subject of this appeal. However, the first request was not fulfilled because, according to defendant, no such documents existed. Defendant also filed an answer with affirmative defenses reiterating that no such documents existed.

Soon after, plaintiff filed an amended complaint that was largely identical to the first. Plaintiff's only new substantive allegation was that the requested documents did exist. Defendant did not file an answer to this amended complaint. It appears that, on June 4, 2022, plaintiff requested a default against defendant, but there is no indication that this was filed on this date. The parties continued to litigate the case, and it was eventually discovered that on December 2, 2021, prior to defendant's closed-session meeting, Thomas Baird, one of defendant's trustees, had e-mailed the board attorney, Timothy Winship, discussing board members' interactions with the media. This e-mail, and Winship's response, became the subject of plaintiff's case and are the only requested documents at issue in this appeal. According to plaintiff, these e-mails are within the scope of his FOIA request. On the other hand, defendant argues that the e-mails are unrelated to the FOIA request because they did not request a legal opinion.

On November 10, 2022, a default was entered against defendant. On the same day, both parties filed competing motions for summary disposition. Plaintiff brought his motion under MCR 2.116(C)(9) (no valid defense) and (C)(10) (no genuine issue of material fact). Plaintiff argued that the requested documents did exist, that they should be disclosed, that defendant failed to timely respond to his request, and that he was entitled to attorney fees for having prevailed in his lawsuit. Defendant moved for summary disposition under MCR 2.116(C)(8) (failure to state a claim) and (C)(10), arguing that the requested documents did not exist and that, even if they did exist, they were exempt on the basis of attorney-client privilege. Defendant also moved to set aside the default.

The trial court agreed with defendant that the requested documents did not exist. Furthermore, the trial court essentially ruled that, although defendant's response had been untimely, the delay was not intentional and did not violate the standard for responses to FOIA requests. Therefore, the trial court granted summary disposition in defendant's favor. However, the trial court did not specify on which

subrule its decision was based.[2]  On appeal, plaintiff argues that defendant failed to state a valid defense because its response was untimely, that defendant waived any affirmative defenses, that he is entitled to attorney fees for having prevailed in his lawsuit, and that he is entitled to the requested documents because they do exist.

## II.  ANALYSIS

## A.  STANDARD OF REVIEW

We review de novo a decision on summary disposition as well as the interpretation of a statute. *Dextrom v Wexford Co*, 287 Mich App 406, 416; 789 NW2d 211 (2010).  A motion is properly granted pursuant to MCR 2.116(C)(9) when the opposing party has failed to state a valid defense.  "When deciding a motion under MCR 2.116(C)(9), a trial court considers the pleadings alone, accepting as true all well-pleaded allegations, to assess the sufficiency of a defendant's defenses." *Vayda v Lake Co*, 321 Mich App 686, 692; 909 NW2d 874 (2017).  Summary disposition should be granted "when the defendant's pleadings are so clearly untenable that as a matter of law no factual development could possibly deny the plaintiff's right to recovery." *Id*. at 693 (quotation marks and citation omitted).

A motion is properly granted pursuant to MCR 2.116(C)(10) when "there is no genuine issue with respect to any material fact and the moving party is entitled to judgment as a matter of law." *Dextrom*, 287 Mich App at 415.  We "must examine the documentary evidence presented and, drawing all reasonable inferences in favor of the nonmoving party, determine whether a genuine issue of material fact exists.  A question of fact exists when reasonable minds could differ as to the conclusions to be drawn from the evidence." *Id*. at 415-416.

Additionally, we review for an abuse of discretion both the trial court's decision on a motion to set aside a default judgment, *Bullington v Corbell*, 293 Mich App 549, 554-555; 809 NW2d 657 (2011), and whether a party is entitled to attorney fees for being a prevailing party under the FOIA, *Prins v Mich State Police*, 299 Mich App 634, 641; 831 NW2d 867 (2013).  A court abuses its discretion when its decision is "outside the range of reasonable and principled outcomes." *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007).  Finally, "[w]e review for clear error the trial court's factual findings underlying its application of the FOIA." *Mich Open Carry, Inc v Dep't of State Police*, 330 Mich App 614, 621; 950 NW2d 484 (2019).  Clear error occurs "when the appellate court 'is left with the definite

---

[2] When a trial court does not specify the subrule upon which summary disposition is premised, we may look to the substance of the trial court's ruling as well as any subrules specified in the party's motion for summary disposition.  See *Dimondale v Grable*, 240 Mich App 553, 564; 618 NW2d 23 (2000).  Additionally, we have repeatedly stated that, when a trial court considers documentary evidence outside the pleadings, we will "construe the motion as having been granted pursuant to MCR 2.116(C)(10)." *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012).  In the present case, the trial court clearly relied on evidence outside the pleadings because it referred to the e-mail, which was not attached to the pleadings but, rather, the motions for summary disposition.  Therefore, we will presume that the trial court's decision was premised on subrule (C)(10).

and firm conviction that a mistake has been made.' " *Herald Co, Inc v Eastern Mich Univ Bd of Regents*, 475 Mich 463, 471; 719 NW2d 19 (2006) (citation omitted).

## B. FOIA

Plaintiff argues that the trial court erred by ruling that the requested documents do not exist and by granting summary disposition in defendant's favor. We disagree.

"When interpreting a statute, we must ascertain the Legislature's intent," which is accomplished "by giving the words selected by the Legislature their plain and ordinary meanings, and by enforcing the statute as written." *Griffin v Griffin*, 323 Mich App 110, 120; 916 NW2d 292 (2018) (quotation marks and citation omitted). Under FOIA, except when expressly exempted, "a person has a right to inspect, copy, or receive copies of [a] requested public record of [a] public body." MCL 15.233(1). "The Legislature codified the FOIA to facilitate disclosure to the public of public records held by public bodies," and, "[t]o that end, the FOIA must be broadly interpreted to allow public access to the records held by public bodies." *Mich Open Carry, Inc*, 330 Mich App at 625 (quotation marks and citation omitted).

In his FOIA request, plaintiff sought any written request for a legal opinion by a board member, which included Baird as a board trustee, that was also the subject of the closed-session meeting. A key portion of this FOIA request was that the written request needed to specifically request a legal opinion. Plaintiff raised no other potential documents that supposedly fit his FOIA request, only the two e-mails between Baird and Winship. After reviewing the e-mail from Baird to Winship, we agree with the trial court that the e-mail clearly did not make any request for a legal opinion. Nowhere is there any language suggesting that Baird desired Winship's opinion on anything, let alone a legal opinion. Rather, the e-mail reads merely as Baird complaining to Winship about what Baird perceived to be a double standard by defendant. Nothing more, nothing less. Moreover, Winship could hardly request a legal opinion from himself. As a result, any response by Winship to Baird also was outside the FOIA request. Additionally, the evidence showed that Marchese performed a diligent search for the requested documents by contacting the superintendent and board secretary, who was unable to locate any of the requested documents.

Accordingly, there was no genuine issue of material fact concerning whether the requested documents existed, and defendant was entitled to judgment as a matter of law. The trial court did not err by granting summary disposition in defendant's favor under MCR 2.116(C)(10).

## C. DEFAULT

Plaintiff argues that the trial court erred by denying his motion for summary disposition under MCR 2.116(C)(9) because defendant failed to state a valid defense. Plaintiff's sole position appears to be that, because defendant failed to provide an answer to plaintiff's first amended complaint, it failed to state a valid defense, thereby entitling plaintiff to summary disposition under MCR 2.116(C)(9). We disagree.[3]

---

[3] Although the trial court did not explicitly rule on defendant's motion to set aside the default, plaintiff raises no challenge based on this. Additionally, based on the trial court's grant of summary disposition in

-4-

The same principles for statutory interpretation apply to court rules. *Haliw v Sterling Heights*, 471 Mich 700, 704; 691 NW2d 753 (2005). Under MCR 2.603(A)(1), a default must be entered against a party if that party "has failed to plead *or otherwise defend* as provided by these rules . . . ." (Emphasis added.) Once this occurs, a defaulted party may not proceed with the action unless the default is set aside in accordance with subrule (D) or MCR 2.612. MCR 2.603(A)(3). A default can be set aside "if good cause is shown and a statement of facts showing a meritorious defense, verified in the manner prescribed by MCR 1.109(D)(3), is filed." MCR 2.603(D)(1).[4] Additionally, the motion to set aside the default must be filed before any default judgment was entered or within 21 days after the judgment was entered. MCR 2.603(D)(2)(a) and (b). There appears to be no dispute in this case that no judgment was entered against defendant, thereby making defendant's motion to set aside the default in compliance with subrule (D)(2).

In *Shawl v Spence Bros, Inc*, 280 Mich App 213, 238; 760 NW2d 674 (2008), we set forth a nonexhaustive list of factors for courts to consider when determining whether good cause exists:

> (1) whether the party completely failed to respond or simply missed the deadline to file;
>
> (2) if the party simply missed the deadline to file, how long after the deadline the filing occurred;
>
> (3) the duration between entry of the default judgment and the filing of the motion to set aside the judgment;
>
> (4) whether there was defective process or notice;
>
> (5) the circumstances behind the failure to file or file timely;
>
> (6) whether the failure was knowing or intentional;
>
> (7) the size of the judgment and the amount of costs due under MCR 2.603(D)(4);
>
> (8) whether the default judgment results in an ongoing liability (as with paternity or child support); and
>
> (9) if an insurer is involved, whether internal policies of the company were followed. [Footnote omitted.]

---

defendant's favor, it appears that this decision implicitly constituted a decision granting the motion to set aside the default.

[4] Although this Court previously held "that, when it is shown that that party did not receive notice of the opponent's intent to request a default judgment, the requirement in MCR 2.603(D)(1) that a party must show a meritorious defense to set aside a default judgment results in a denial of the constitutional right to due process," *Brooks Williamson & Assoc, Inc v Mayflower Constr Co*, 308 Mich App 18, 36; 863 NW2d 333 (2014), there is no challenge from defendant that it was not provided notice.

Here, defendant was actively litigating the case and filed a motion for summary disposition on the same day that the default was entered. The default entry occurred on November 10, 2022, and defendant filed its motion to set aside on December 1, 2022, in only a few weeks' time. The failure to respond was not willful or intentional; instead, defendant explained that a clerical error had led to the oversight. Additionally, the amended complaint was virtually identical to the original, and defendant's original answer and affirmative defenses already sufficiently addressed the new allegations by claiming that the requested documents did not exist. The circumstances behind the failure to file an answer to the amended complaint lean in defendant's favor. Moreover, there was no prejudice to plaintiff. Defendant's answer and affirmative defenses were already known to plaintiff and, if there was any remaining doubt, the motion for summary disposition concretely set forth defendant's defense in greater detail. Thus, defendant was actively participating in the case.

*Shawl* also set forth a nonexhaustive list of factors for courts to consider when determining whether a defendant had a meritorious defense:

> (1) the plaintiff cannot prove or defendant can disprove an element of the claim or a statutory requirement;

> (2) a ground for summary disposition exists under MCR 2.116(C)(2), (3), (5), (6), (7) or (8); or

> (3) the plaintiff's claim rests on evidence that is inadmissible. [*Shawl*, 280 Mich App at 238.]

As previously discussed, there was no genuine issue of fact regarding whether the requested documents existed. Defendant provided an affidavit from its attorney essentially affirming that the motion for summary disposition presented a meritorious defense and, for the reasons already discussed, we agree. We have previously stated that "the strength of the meritorious defense is a factor to consider when examining whether there was good cause . . . ." *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 359090); slip op at 6. *Tolas Oil* also noted that the defaulted party had been actively litigating the case and that "[t]here was no indication in the record that he was attempting to evade his obligation to respond or acted from improper motives." *Id*. at ___; slip op at 6. Similarly, in the present case, we do not see any evasion or improper motives on the part of defendant, which was actively litigating the case and eventually filed a motion for summary disposition.

Therefore, the trial court did not abuse its discretion by setting aside the default and by denying plaintiff's motion for summary disposition under MCR 2.116(C)(9) because defendant did not fail to present a valid defense. Defendant raised defenses to the initial complaint and later filed a meritorious motion for summary disposition challenging the amended complaint. Finally, defendant did not waive any affirmative defenses under MCR 2.111(F). Defendant filed its motion for summary disposition in lieu of an answer, which is permitted under MCR 2.111(F)(2)(a) and prevents affirmative defenses from being waived.

## D. ATTORNEY FEES

Finally, plaintiff argues that he was entitled to attorney fees because he "prevailed" for purposes of the FOIA. We disagree.

Pursuant to MCL 15.240(6):

> If a person asserting the right to inspect, copy, or receive a copy of all or a portion of a public record *prevails* in an action commenced under this section, the court *shall award* reasonable attorneys' fees, costs, and disbursements. If the person or public body *prevails in part*, the court may, *in its discretion*, award all or an appropriate portion of reasonable attorneys' fees, costs, and disbursements. The award shall be assessed against the public body liable for damages under subsection (7). [Emphasis added.]

"[I]f a plaintiff prevails completely in an action to compel disclosure under the FOIA, the circuit court must award reasonable attorney fees." *Prins*, 299 Mich App at 641. "To 'prevail' in a FOIA action within the meaning of MCL 15.240(6), a court must conclude that 'the action was reasonably necessary to compel the disclosure [of public records], and [that] the action had a substantial causative effect on the delivery of the information to the plaintiff.' " *Amberg v Dearborn*, 497 Mich 28, 34; 859 NW2d 674 (2014) (citation omitted; alterations in original).

In this case, plaintiff did not prevail completely; rather, he only prevailed in part because he only obtained the bylaw that he requested. For those reasons already discussed, plaintiff was not entitled to the two e-mails between Baird and Winship because they were not within the scope of the FOIA request. Therefore, plaintiff has failed to show that he should have prevailed in full. On appeal, plaintiff presumes that he prevailed completely, thereby entitling him to attorney fees and costs under MCL 15.240(6). However, when a party prevails only in part, attorney fees are not mandatory but within the trial court's discretion. MCL 15.240(6). Plaintiff advances no argument concerning the discretionary grant of attorney fees, only the mandatory grant of such fees, and we will not raise and address such arguments for plaintiff. See *Bill & Dena Brown Trust v Garcia*, 312 Mich App 684, 695; 880 NW2d 269 (2015).

## III. CONCLUSION

There were no errors warranting relief. We affirm.

/s/ Michael J. Riordan
/s/ Christopher M. Murray
/s/ Michael J. Kelly